THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent
 v.
 Leroy McGrier, Appellant.
 
 
 

Appeal From Greenwood County
 J. Cordell Maddox, Jr., Circuit Court
 Judge
Unpublished Opinion No.  2008-UP-338
Submitted June 1, 2008  Filed July 7,
 2008 
REVERSED

 
 
 
 Appellate Defender LaNelle C. DuRant, of Columbia, for Appellant.
 John Benjamin Aplin, of Columbia, for Respondent.
 
 
 

PER CURIAM: 
 Leroy McGrier challenges the trial judges order revoking ninety days for
 violating the conditions of the Community Supervision Program (CSP).  McGrier
 contends application of the CSP statute, section 24-21-560(D) of the South
 Carolina Code, is unconstitutional because it resulted in the imposition of a
 greater sentence than his original sentence.  We reverse.[1]    
FACTS
McGrier was sentenced to three concurrent
 prison terms of three years each.  After serving thirty-two months of the
 thirty-six month sentence, McGrier was released to the South Carolina
 Department of Probation, Parole and Pardon Services (the Department) and
 entered the CSP.  McGrier was scheduled to end participation in the CSP on May
 3, 2004.
In February of 2004, the trial judge found McGrier willfully
 violated the terms of the CSP and revoked four months, remanding McGrier back
 to the custody of the South Carolina Department of Corrections.  After serving
 this sentence, McGrier was again released to CSP and assigned an ending date of
 June 22, 2006.  In April of 2005, the trial judge again found McGrier had
 violated the conditions of the CSP and sentenced McGrier to six months imprisonment.
  On April 3, 2006, the trial judge again found McGrier in violation of the
 terms and conditions of the CSP and ordered McGrier held in jail until he was
 accepted into an inpatient substance abuse treatment program. 
On October 26, 2006, the trial judge held another hearing on
 McGriers alleged violations of the CSP.  McGrier argued the potential one-year
 incarceration for the violations amounted to the imposition of a new criminal
 sentence and violated his constitutional rights by not affording him the rights
 guaranteed to a criminal defendant.  On October 30, 2006, the trial judge found
 McGrier in violation of the CSP, revoked McGriers CSP, and sentenced him to ninety
 days.  McGrier appealed to this court.
On January 27, 2007, McGrier was again released to the CSP.  On
 April 2, 2007, he appeared before the trial judge for alleged violations and
 raised the same constitutional challenge.  The trial judge revoked McGriers CSP
 and ordered McGrier to serve six months.  McGrier appealed and the South
 Carolina Supreme Court reversed.  See State v. McGrier #2,
 Op. No. 26489 (S.C. Sup. Ct. refiled June 23, 2008) (Shearouse Adv. Sh. No. 26
 at 24).
LAW/ANALYSIS
Appealing the
 October 30, 2006 revocation and sentence, McGrier argues the trial judge erred
 in not finding section 24-21-460(D) of the South Carolina Code unconstitutional
 as applied to him.  Based on the supreme courts analysis in McGrier #2,
 we agree.

 The CSP statute
 provides: 
 
 The maximum aggregate amount of time the
 prisoner may be required to serve when sentenced for successive revocations may
 not exceed an amount of time equal to the length of incarceration imposed for
 the original no parole offense. The original term of incarceration does not
 include any portion of a suspended sentence.
 

 S.C. Code Ann. § 24-21-560(D)
 (2007).  In McGrier #2, the supreme court stated:

 We now read this language as limiting the total amount of time an inmate could be incarcerated
 after a CSP revocation to be the length of the remaining balance of the sentence
 for the no parole offense. Based on this interpretation, a circuit court may
 not impose a sentence for a CSP revocation that would result in an inmate being
 incarcerated for an aggregate period of time that extended beyond the
 unsuspended portion of the original sentence. Thus, assuming an inmate has
 served at least eighty-five percent of the unsuspended portion of his original
 sentence, an inmate whose CSP is revoked is limited to serving an amount of
 time equal to the remaining fifteen percent balance of this sentence. 

McGrier #2 at 36.  As McGrier has served eighty-five percent of
 the original, three-year term of imprisonment and has served CSP revocation
 time of more than the time remaining on his original sentence, the decision of
 the trial judge is
REVERSED.
HEARN, C.J., and
 SHORT and KONDUROS, JJ., concur.

[1]  We
 decide this case without oral argument pursuant to Rule 215, SCACR.